## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| In re LUXOTTICA OF AMERICA, INC. DATA SECURITY BREACH LITIGATION | ) ) ) ) ) ) ) ) ) ) ) |

**In re LUXOTTICA OF AMERICA, INC. DATA SECURITY BREACH LITIGATION**

**This Document Relates to:**

**ALL ACTIONS**

**Case No. 1:20-cv-00908-MRB**

**(Consolidated with Case Nos. 1:20-cv-00983 & 1:20-cv-01011)**

**<u>CLASS ACTION</u>**

**Judge Michael R. Barrett**
**Magistrate Judge Karen L. Litkovitz**

## FINAL ORDER AND JUDGMENT GRANTING
## PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement. (Doc. 84). The background, procedural history, and Settlement terms were summarized in the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. (*See* Doc. 80). In brief, the Settlement negotiated between Defendant and Interim Settlement Class Counsel for Plaintiffs, on behalf of a proposed Settlement Class, compensates Plaintiffs and Settlement Class Members for their injuries, including lost time and out-of-pocket expenses, and makes certain cash payments.

## I.    <u>CLASS CERTIFICATION AND SETTLEMENT APPROVAL</u>

When presented with a motion for final approval of a class action settlement, a court first evaluates whether certification of a settlement class is appropriate under Rule 23(a)-(b) of the Federal Rules of Civil Procedure. Rule 23(a) provides that a class action is proper only if four requirements are met: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a)(1)-(4). As relevant here, certification of a Rule 23(b)(3)

settlement class action requires that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) "a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In its Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF 81), the Court concluded that the Settlement Class, as defined therein, and its Settlement Class Representatives were likely to satisfy these requirements and that Interim Settlement Class Counsel met the requirements of Rule 23(g). *See* ECF 81. The Court finds no reason to disturb its earlier conclusions, as the requirements of Rule 23(a), (b)(3), and (g) were satisfied then, and they remain satisfied now. Accordingly, the Court concludes that certification of the Settlement Class is appropriate.

After finding that the Settlement Class satisfies Rule 23(a) and (b)(3), the Court must determine whether the Settlement is fundamentally "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Court is familiar with the standards applicable to certification of a settlement class, having applied these standards in the Preliminary Approval Order to conclude that the Settlement appeared to be "fair, reasonable, and adequate[.]" ECF 81; *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("*UAW*"); *see also Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016) (analyzing the seven factors that govern the "fair, reasonable, and adequate" inquiry in the Sixth Circuit); *McKnight v. Erico Int'l Corp.*, 655 F. Supp. 3d 645, 661 (N.D. Ohio 2023) (while the *UAW* factors "might have relevance on any particular set of facts[,] [w]here they do not, there is no occasion to consider them."); *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205-06 (6th Cir. 1992) (noting that district courts enjoy broad discretion when applying the Rule 23(e)(2) factors).

Now, in granting final approval of the Settlement, the Court has considered each of the Rule 23(e) factors and finds that the Settlement Class Representatives and Interim Settlement Class Counsel have adequately represented the Settlement Class; the Settlement Agreement was negotiated at arm's-length; the relief provided for the Settlement Class is adequate; and the Plan of Allocation treats Settlement Class Members equitably relative to one another. *See* Fed. R. Civ. P. 23(e)(2).

These conclusions are bolstered by the Settlement Class Members' favorable reaction to the Settlement: zero Class Members objected to the settlement, and only six excluded themselves from the Settlement. This factor supports final approval. *See Whitlock*, 843 F.3d at 1093 (considering as part of the Rule 23(e)(2) seven-factor analysis "the reaction of absent class members").

In addition, the Court finds that the Court-approved notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order complied in all respects with the requirements of Fed. R. Civ. P. 23 and due process, and the notice was reasonably calculated under the circumstances to apprise the Settlement Class Members of the pendency of this Action, their right to object to or exclude themselves from the Settlement, and their right to appear at the Fairness Hearing.

The Court also finds that Defendant Luxottica of America, Inc. ("Luxottica") complied with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711-1715, and its notice requirements by providing appropriate federal and state officials with information about the Settlement Agreement.

## II.    <u>CONCLUSION</u>

Accordingly, the Court hereby orders, adjudges, finds, and decrees as follows:

The Court **DISMISSES** the Action *Doyle v. Luxottica of Am., Inc.*, 1:20-cv-908 (S.D. Ohio) and the consolidated Actions *Gervais v. Luxottica of Am., Inc*., No. 1:20-cv-00983 (S.D. Ohio) and *Crockett v. Luxottica of Am., Inc*., No. 1:20-cv-01011 (S.D. Ohio), as well as all of the Released Claims with prejudice, as to the Released Persons only.  The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

The Court **GRANTS** certification of the Settlement Class for settlement purposes only.

The Court **CONFIRMS** the appointment of Settlement Class Counsel Dorothy P. Antullis of Robbins Geller Rudman & Dowd LLP, Bryan L. Bleichner of Chestnut Cambronne PA, and Hassan A. Zavareei of Tycko & Zavareei LLP.

The Court **CONFIRMS** the appointment of Settlement Class Representatives Astrid Ela f/k/a Jessie Crockett, Michael Doyle, Phillip Gervais, John Gloss, Larry Payne (on behalf of his minor child, M.P.), and Donna Rivera.

The Court hereby discharges and releases the Released Claims as to the Released Persons, as those terms are used and defined in the Settlement Agreement.

The Court hereby permanently bars and enjoins the institution and prosecution by any Settlement Class Representative, Settlement Class Member, and anyone claiming through or on behalf of any of them, of any other action defined in the Released Claims against the Released Persons, in any court or other forum asserting any of the Released Claims, or any claim related in any way to the Released Claims, as those terms are used and defined in the Settlement Agreement.

All Settlement Class Members and anyone claiming through or on behalf of any of them, shall cooperate with Defendant Luxottica to promptly dismiss with prejudice as to any of the

Released Persons, Actions related to the Settlement Agreement, and all other pending litigation asserting any Released Claims against any of the Released Persons.

The Court hereby discharges and releases all Settlement Class Representatives, Settlement Class Members, and their counsel of the Released Claims as provided in Section 1.38 of the Settlement Agreement.

Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of Defendant Luxottica or Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant Luxottica or Released Persons in any civil, criminal, or administrative proceeding in any court or other forum.

Therefore, pursuant to, and in accordance with, Fed. R. Civ. P. Rule 23, the Court hereby fully and finally approves the Settlement Agreement in its entirety and finds that the Settlement Agreement is fair, reasonable, and adequate.  The Court also finds that the Settlement Agreement is in the best interests of the Settlement Class Representatives and all Settlement Class Members, and is consistent and in compliance with all applicable laws and rules.  The Court further finds that the Settlement Agreement is the product of intensive, thorough, serious, informed, and non-collusive negotiations overseen by the mediator.  The Court further finds that the Parties have evidenced full compliance with the Preliminary Approval Order.

Without further approval from the Court, and without the express written consent of Settlement Class Counsel and Defendant Luxottica, the Settlement is not subject to any material modification.

The terms of the Settlement and of this Final Order and Judgment are forever binding on the Settling Parties and Settlement Class Members, as well as their respective heirs, executors,

administrators, predecessors, successors, affiliates, and assigns.  Settlement Class Members include all entities within the Settlement Agreement provided in Section 1.43 and the Class definition as defined in the Court's Preliminary Approval Order (Doc. 81) that did not submit a timely and valid Opt-Out in accordance with the procedures in the Settlement Agreement and the Preliminary Approval Order.

The Court finds that the Settlement is a good-faith settlement that bars any claim by any Non-Released Persons against any Released Persons for contribution, indemnification, or otherwise seeking to recover all or a portion of any amounts paid by or awarded against that Non-Released Person to any Settlement Class Member by way of settlement, judgment, or otherwise on any claim that would be a Released Claim were such Non-Released Person be Defendant Luxottica, to the extent that a good-faith settlement (or release thereunder) has such an effect under applicable law, including, without limitation, Ohio Rev. Code § 2307.28 and similar laws in other states or jurisdictions.

The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement Agreement, and to effectuate its terms.

In the event that, for any reason, the Effective Date does not occur in accordance with the terms of the Settlement Agreement then: (i) this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated; (ii) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement; and (iii) the Settlement Funds shall be returned to Defendant Luxottica in accordance with the Settlement Agreement.

The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs immediate entry of this Final Judgment by the Clerk of the Court.

**IT IS SO ORDERED.**

DATED:  January 28, 2025                 /s/ *Michael R. Barrett*
                                        JUDGE MICHAEL R. BARRETT